# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TYSHA S. HOLMES,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-11-0263-B-3 |
| 　　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE: April 15, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Aaron Herreras, Esquire, Washington, D.C., for the appellant.

Robert J. Barham, Fort Jackson, South Carolina, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the remand initial decision, which sustained her removal and found that she failed to prove her affirmative defenses. For the reasons discussed below, we GRANT the petition for review, AFFIRM the administrative judge's findings concerning the charged misconduct and the affirmative defense of race discrimination, VACATE the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's findings concerning the affirmative defense of whistleblower retaliation and the penalty, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant was a Physician Assistant who worked in the Department of Preventive Medicine (Preventive Medicine) at the agency's Moncrief Army Community Hospital (Hospital).  *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-2, Appeal File (I-2 AF), Tab 8, Exhibit (Ex.) 28. Prior to the events underlying this appeal, the appellant had performed as the Acting Chief of Preventive Medicine.  I-2 AF, Tab 8 at 17.  When the Chief of Preventive Medicine position became available, the Hospital's Deputy Commander for Clinical Services filled the position with an Army Reserve officer who was a Registered Nurse instead of promoting the appellant to the position. Remand Hearing Transcript (RHT) at 46-50.  Approximately 15 months after the new Chief became her supervisor, the agency removed the appellant based on the following charges:  (1) pattern of failing to follow supervisory instructions; (2) making an offensive remark to and disrespectful behavior towards her supervisor;  (3) insubordination;  and  (4) unauthorized disclosure of medical quality assurance information.  I-2 AF, Tab 8, Exs. 2, 19.  The appellant appealed her removal to the Board.  *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-1, Initial Appeal File (IAF), Tab 1.

¶3    On appeal, the administrative judge issued an initial decision that reversed the removal action, finding that the deciding official improperly relied upon a prohibited communication that violated the appellant's due process rights under *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011).  *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-3, Initial Decision at 6-7 (Jan. 2, 2013).  The agency petitioned for review and the Board found that the information relied upon by the deciding official was not "new,"

and therefore did not violate *Ward*, and remanded the case for further adjudication. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-3, Remand Order at 4, 9 (July 9, 2014).

¶4    On remand, the remand administrative judge[2] affirmed the removal action. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-B-3, Remand Initial Decision (RID) (Apr. 22, 2016). He found all of the charges except the insubordination charge sustained and that a nexus existed between the sustained charges and the efficiency of the service. RID at 15-16, 24-26. Concerning her whistleblower retaliation claim, he found that the appellant's disclosures of possible malpractice by a health care provider were protected and that those disclosures were a contributing factor to her removal under the knowledge/timing test. RID at 19-20. He further found, however, that the agency established by clear and convincing evidence that it would have taken the same action in the absence of the disclosures. RID at 19-22. Concerning her race discrimination claim, the remand administrative judge found that the appellant failed to show that race was a motivating factor in her removal. RID at 22-24.

¶5    The appellant has filed a petition for review challenging the remand administrative judge's findings concerning her affirmative defenses of whistleblower retaliation and race discrimination.[3] Remand Petition for Review (RPFR) File, Tab 9. The agency has filed a response, to which the appellant has replied. RPFR File, Tabs 11, 13.

---

[2] The administrative judge who heard the case initially retired while the case was pending before the full Board. On remand, the case was assigned to a different administrative judge, who we refer to as the remand administrative judge.

[3] The appellant does not challenge the administrative judge's findings concerning the charged misconduct. After reviewing the administrative judge's findings and determinations, we discern no basis upon which to disturb them, and thus, we have not addressed them on review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>We remand the appellant's affirmative defense of whistleblower retaliation to the regional office.</u>

¶6    In an adverse action appeal such as this, an appellant's claim of whistleblower retaliation is treated as an affirmative defense.[4]  *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013).  In such instances, once the agency proves its adverse action case by a preponderance of the evidence, the appellant must show by preponderant evidence that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action.[5]  *Id.*

¶7    If an appellant meets this burden, the burden shifts to the agency to establish by clear and convincing evidence that it would have taken the same action in the absence of the protected disclosure.  *Hamilton v. Department of Veterans Affairs*, 115 M.S.P.R. 673, ¶ 25 (2011).  In determining whether the agency has met this burden, the Board will consider the following factors:  (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated.  *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

---

[4] All of the material events in this matter occurred before the enactment of the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112–199, 126 Stat. 1465, which took effect on December 27, 2012.  Thus, we will apply the pre‑WPEA standards to this appeal.

[5] The WPEA expanded protection to disclosures made to the alleged wrongdoer and disclosures made during the normal course of duties.  *Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 18, 26 (2013).  The Board has found that this expansion constituted a clarification of—rather than a change in—existing law and, therefore, applied to cases already pending before the Board when it was enacted.  *Id.*, ¶ 26.  Based on *Day*, the remand administrative judge allowed the appellant to raise an affirmative defense of whistleblower retaliation even though her claim had been struck previously by the initial administrative judge under pre-WPEA law.  RID at 2.

The Board does not view these *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010).

> *Remand is necessary to address alleged protected disclosures not considered by the administrative judge.*

¶8 The remand administrative judge found that the appellant made protected disclosures when she filed several incident reports with the Hospital's Credentials Committee involving the handling of a human immunodeficiency virus (HIV)[6] case and a tuberculosis case by one of the Hospital's providers. RID at 19. He also found that she made a protected disclosure to her congressman when she sought his help in obtaining a copy of a Department of the Army (Army) Investigation into her allegations, and in the process made the same allegations to him. *Id.* The remand administrative judge found that these disclosures were protected because they concerned a substantial and specific danger to public health or safety. *Id.* The parties do not challenge the remand administrative judge's findings that these disclosures were protected and we find no basis upon which to disturb his conclusion in this regard.

¶9 The appellant argues, however, that the remand administrative judge erred by failing to consider the following protected disclosures that also were raised before the initial administrative judge: (1) a December 1, 2009 disclosure to the Office of Special Counsel (OSC)[7] alleging falsification of protected documents by agency staff; (2) a January 5, 2010 disclosure to the Department of Labor (DOL),

---

[6] HIV is a virus that attacks white blood cells in the human body, damaging the body's ability to fight infections. *Bragdon v. Abbott*, 524 U.S. 624, 633-34 (1998).

[7] OSC is authorized to receive disclosures of a violation of any law, rule, or regulation, or gross mismanagement, gross waste of funds, abuse of authority, or substantial and specific danger to public health and safety. 5 U.S.C. § 1213(b).

Office of Inspector General (OIG) alleging program fraud at the Hospital; and (3) a January 8, 2010 disclosure to the Army OIG alleging abuse of authority and whistleblower reprisal by agency management. RPFR File, Tab 9 at 11-13.

¶10 The remand administrative judge ruled below that the appellant would be allowed to pursue only whistleblowing claims that previously were raised before the initial administrative judge but were struck based upon valid case law at the time. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-B-2, Remand File (B-2 RF), Tab 10. He also advised the appellant that he would not allow her to raise any additional claims or defenses on remand. *Id.* Therefore, it is necessary to determine which claims were raised before the initial administrative judge.

¶11 When, on appeal, the initial administrative judge provided the appellant the opportunity to submit copies of her disclosures, she filed documentation showing that she contacted her congressman, she made complaints to the Army and the DOL OIGs, and she filed several incident reports with the Hospital's Credentials Committee. *Holmes v. Department of the Army*, MSPB Docket No. AT-0752-11-0263-I-3, Appeal File (I-3 AF), Tab 13. At least one IG complaint was also raised in the initial hearing. Initial Hearing Transcript at 208. Because the appellant's two OIG complaints were raised before the initial administrative judge, it is unclear why the remand administrative judge did not consider or address them in his initial decision. As to whether any of the appellant's alleged disclosures were protected, the remand administrative judge ruled that he would permit "bench briefs" on the issue. B-2 RF, Tab 10. However, there is no record of any bench briefs or any summaries showing what disclosures were raised in the briefs and which ones were ruled on by the remand administrative judge. While the remand administrative judge may have ruled on the appellant's additional alleged disclosures, there is no record of his rulings. Thus, because they were raised below, we find that the remand administrative judge should have

considered the OIG complaints when he reinstated the appellant's defense of whistleblower retaliation.

¶12    Regarding the December 1, 2009 disclosure to OSC, the appellant's initial appeal included correspondence with OSC regarding a complaint. I-1 AF, Tab 1 at 17-19. The documents attached to her initial appeal relate to a prohibited personnel practice (PPP) investigation by OSC, and make no mention of falsification of documents.[8] Nevertheless, in subsequent correspondence with the initial administrative judge regarding the whistleblower affirmative defense, the appellant advised that the OSC complaint had included information related to the incident reports, and indicated she had also provided OSC with further information about problems existing in Preventive Medicine. I-3 AF, Tab 13 at 5. Additionally, in the remand hearing the appellant testified under oath that the document falsification disclosure was included in her complaint to OSC. RHT at 374-78. Further, OSC apparently conducted interviews as part of its investigation of the appellant's allegations, although it is unclear whether the document falsification allegations were considered as part of the interviews.[9] IAF, Tab 1 at 19. Thus, we find that the appellant has provided a sufficient basis for concluding that she exhausted this disclosure before OSC.

¶13    Under the WPEA, the Board has declined to apply 5 U.S.C. § 2302(b)(9)(C) retroactively when an employee alleges that a personnel action has been taken as a result of disclosing information to an OIG or to OSC. *Colbert v. Department of*

---

[8] Falsification of documents is, however, referenced in the Army OIG complaint. I-3 AF, Tab 4 at 81-82.

[9] If OSC received allegations about the falsification of a complainant's personnel documents, whether as part of an initial complaint or in the course of a PPP investigation, OSC could possibly have made a separate referral to its Disclosure Unit (which receives disclosures under different authority (5 U.S.C. § 1213) than OSC's authority to receive and investigate PPPs (5 U.S.C. § 1212(a)(2), 1214(a)(1)(A))) or simply considered the allegations as part of the PPP investigation. Given the evidence the appellant has provided, it seems more likely that the allegations were simply considered as part of the PPP investigation.

*Veterans Affairs*, [121 M.S.P.R. 677](), ¶¶ 6-7 (2014). Nevertheless, the appellant's disclosures should have been considered by the remand administrative judge under [5 U.S.C. § 2302]() (b)(8)(B)(i). *Id.*, ¶ 8. Prior to the enactment of the WPEA, that section of the statute stated, in pertinent part, that it is a prohibited personnel practice to take or fail to take, or threaten to take or fail to take, a personnel action concerning any employee "because of . . . any disclosure to the Special Counsel, or to the Inspector General of any agency" of information that the employee reasonably believes evidences "a violation of any law, rule, or regulation." [5 U.S.C. § 2302]()(b)(8)(B)(i) (2011); *see Colbert*, [121 M.S.P.R. 677](), ¶ 8. Accordingly, we find that further adjudication is necessary to determine whether the appellant's OIG and OSC disclosures were protected under section 2302(b)(8). Therefore, we remand the appeal to develop the record, including hearing testimony, concerning the appellant's OIG and OSC complaints.

> *Remand is necessary to conduct a more thorough clear and convincing evidence analysis.*

¶14 On review, the appellant argues that the remand administrative judge committed numerous adjudicatory errors, many of which pertain to the appellant's claim that he did not consider all of the evidence in concluding that the agency established by clear and convincing evidence that it would have taken the alleged personnel action at issue absent the appellant's alleged whistleblowing activity. RPFR File, Tab 9 at 7-11. We agree and find that the remand administrative judge did not properly evaluate all of the relevant evidence in reaching his conclusion that the agency met this high burden of proof.

¶15 The U.S. Court of Appeals for the Federal Circuit in *Whitmore v. Department of Labor*, [680 F.3d 1353]() (Fed. Cir. 2012), provided guidance regarding the proper consideration of evidence presented by an agency in evaluating whether the agency met the burden to prove the clear and convincing element. The court emphasized that "[e]vidence only clearly and convincingly

supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion." *Id.* at 1368. The court further determined that "[i]t is error . . . to not evaluate all of the pertinent evidence in determining whether an element of a claim or defense has been proven adequately." *Id.* The court found in *Whitmore* that the administrative judge had taken an unduly dismissive and restrictive view on the existence and strength of any motive to retaliate by the agency and that remand for further fact finding was necessary. *Id.* at 1370-72, 1377.

¶16 Here, the remand administrative judge identified the appellant's disclosures as protected disclosures to the Hospital's Credentials Committee involving the mishandling of an HIV case and a tuberculosis case by one of the Hospital's providers, and a subsequent letter to her congressman requesting assistance in obtaining a copy of an Army Investigation into her allegations. RID at 19. The remand administrative judge then made brief conclusory findings without mentioning any of the evidence supporting the appellant's position for the challenged personnel action at issue. RID at 21-22. He determined, without discussing any of the evidence or hearing testimony, that the appellant failed to identify any reason why her supervisor, the proposing official, and the deciding official "would not have been well pleased by the appellant's faithful execution of her job duties in reporting the mishandling of the HIV and tuberculosis cases to the Credential's [sic] Committee." RID at 21. He also concluded that, even though the appellant argued that the deciding official knew of her disclosure to her congressman, "there is simply no reason for [the deciding official] to have been concerned about the two incidents about which the appellant made disclosures." RID at 21 n.14. The remand administrative judge found that the deciding official "had no motive whatsoever to retaliate against the appellant. None of the alleged whistleblower disclosures were against him, directly impacted him, or appear to have had the potential to impact him." RID at 21. He

then found that the appellant's disclosures "were clearly of no consequence to [the deciding official] and the appellant has not suggested why they should have been." *Id.* Concluding, he found that "this was not a close case on the issue of [the appellant's] guilt or innocence of the charges, nor on the penalty." RID at 22.

¶17 The only evidence relied on by the remand administrative judge in determining there was "no motive whatsoever to retaliate" by the agency, however, was the deciding official's testimony that he could not even recall the nature of the appellant's disclosures. RID at 21. Similarly, without any discussion of the relevant evidence, he relied on the seriousness of the sustained charges to conclude that the agency proved by clear and convincing evidence that it would have taken the same action even in the absence of the whistleblowing activity. RID at 21-22. Thus, the remand initial decision does not reflect that the administrative judge's clear and convincing analysis was based on all of the evidence considered as a whole.

¶18 While we agree with the remand administrative judge that the agency presented significant evidence in support of the challenged personnel action, that finding alone is insufficient to support a finding that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected whistleblowing. *See Ryan v. Department of the Air Force*, 117 M.S.P.R. 362, ¶ 15 (2012). Furthermore, we find that, under *Whitmore*, the remand administrative judge's finding that there was no evidence that the deciding official had a retaliatory motive against the appellant because he was outside of her chain of command and was not implicated by her whistleblowing is "an unduly dismissive and restrictive view of *Carr* factor two."

*Whitmore*, 680 F.3d at 1372. Additionally, the remand administrative judge made no findings concerning *Carr* factor three.[10]

¶19      Moreover, although the remand administrative judge reinstated the appellant's affirmative defense of whistleblower retaliation due to a change in law, he denied the appellant's request to recall the proposing official as a witness because she already had testified and was cross-examined at length. B-2 RF, Tab 5 at 8. However, because the appellant's whistleblower retaliation claim was excluded by the initial administrative judge during the first hearing, the appellant had no real opportunity to question this witness concerning her retaliation claim. The hearing transcript also reflects that the remand administrative judge halted a line of questioning concerning the appellant's disclosure to her congressman as not relevant because she already had established a prima facie case of whistleblower retaliation. RHT at 392-93. We find that this testimony should not have been halted and that further fact finding is required concerning whether the agency met its burden of proof. On remand, the administrative judge should conduct a *Whitmore* analysis, making detailed findings concerning the agency's motive to retaliate[11] and its treatment of similarly situated nonwhistleblowers.

---

[10] In *Whitmore*, the court held that "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis," but that the failure to produce evidence if it exists "may be at the agency's peril" and may cause the agency to fail to meet its clear and convincing burden. *Whitmore*, 680 F.3d at 1374. Further, because it is the agency's burden of proof, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018).

[11] In evaluating this factor on remand, the administrative judge should fully consider all of the record evidence relevant to whether there was a motive to retaliate and the extent of that motive. *Whitmore*, 680 F.3d at 1368. This includes considering whether a motive to retaliate can be imputed to the agency officials involved, whether the disclosure reflects on their capacities as managers, and whether those officials possessed a "professional retaliatory motive" to retaliate because the whistleblower's disclosures implicated agency officials and employees in general. *Id.* at 1370-71; *see Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019-20 (Fed. Cir. 2019)

<u>The appellant did not prove her claim of race discrimination.</u>

¶20    The appellant argues that the remand administrative judge took an unduly restrictive view on what it means to be similarly situated to the comparator employee in finding that she failed to prove her discrimination claim. RPFR File, Tab 9 at 25-26. She asserts that she engaged in the same inappropriate and unprofessional conduct as the comparator employee and that race was the only differentiating factor. *Id.* We find no error with the remand administrative judge's analysis of this claim.

¶21    In the remand initial decision, the remand administrative judge identified the legal standards set forth in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), discussed various methods of direct and circumstantial evidence, evaluated comparator evidence (including comparing the appellant with the other employee involved in the incident resulting in the insubordination charge), and concluded that the appellant did not prove her race discrimination claim. RID at 22-24. When the remand administrative judge issued the remand initial decision, he did not have the benefit of the Board's decision in *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647 (2016). In *Gardner*, the Board clarified that *Savage* does not require administrative judges to separate "direct" from "indirect" evidence; rather, the Board reaffirmed its holding in *Savage* that the dispositive inquiry is whether the appellant has shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Id.*, ¶ 30; *Savage*, 122 M.S.P.R. 612, ¶ 51.

¶22    Here, the remand administrative judge considered the evidence and determined that the comparator identified by the appellant is not a proper comparator because the appellant failed to show that she and the comparator engaged in similar misconduct without differentiating or mitigating circumstances that would distinguish their misconduct or the appropriate discipline for it. RID

(considering under the second *Carr* factor whether there was a professional motive to retaliate because the disclosures implied ineptitude and deceit within the agency).

at 23. The remand administrative judge correctly found that the appellant had received multiple warnings regarding the consequences of her disobedience and subsequently was removed based on several charges, including multiple specifications of failure to follow instructions and the unauthorized disclosure of medical quality assurance information. In comparison, the other employee would have faced a single charge of insubordination and there was no evidence showing that she had received the benefit of multiple warnings. In addition, the remand administrative judge found that testimony showed that the appellant's supervisor considered the comparator to be the victim of the encounter whereas the appellant was the aggressor, and that the deciding official was unaware of the appellant's race when he decided her case. *Id.* Thus, we find that the remand administrative judge considered the documentary and testimonial evidence as a whole and properly concluded that the appellant failed to show that race was a motivating factor in her removal. *Id.* Accordingly, we affirm the administrative judge's conclusion that the appellant did not prove this affirmative defense.[12]

---

[12] The Age Discrimination in Employment Act states that "personnel actions . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). Similarly, title VII requires that such actions "shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). In *Savage*, 122 M.S.P.R. 612, ¶¶ 48-50, the Board adopted the analytical framework of *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), for analyzing claims arising under title VII. As set forth above, the Board in *Savage* held that it first inquires whether the appellant had shown by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action. *Savage*, 122 M.S.P.R. 612, ¶ 51. Such a showing is sufficient to establish that the agency violated title VII. *Id.* If the appellant meets his burden, the Board then inquires whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory or retaliatory motive. *Id.* If the agency makes that showing, its title VII violation will not require reversal of the action. *Id.*

After *Savage* was decided, the Supreme Court interpreted the language in 29 U.S.C. § 633a(a) in *Babb v. Wilkie*, 140 S. Ct. 1168 (2020). The Court held that to obtain "injunctive or other forward-looking relief," the plaintiff must show that age discrimination "play[ed] any part in the way a decision [was] made." *Babb*, 140 S. Ct. at 1173-74, 1177-78. However, a plaintiff "must show that age discrimination was a

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.

---

but-for cause of the employment outcome" to obtain "reinstatement, backpay, . . . or other forms of relief related to the end result of an employment decision." *Id.* at 1177-78. Thus, under both *Savage* and *Babb*, some relief is available if the prohibited consideration was a motivating factor in the challenged personnel action, but full relief is available only if the prohibited consideration was the but-for cause of the action. Although *Savage* and *Babb* appear to diverge on the question of which party has the burden to prove or disprove but-for causation, we need not decide in this case whether the analytical framework applied in *Savage* must be revised in light of *Babb*. Because the appellant here failed to prove her initial burden that a prohibited factor played any part in the agency's decision, we do not reach the question of whether discrimination was the but-for cause of that decision.